**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Craig Moskowitz, *on behalf of himself and all others similarly situated*, | : <br> : <br> : |
| Plaintiff, | : Civil Action No.: _____ <br> : <br> : |
| v. | : **CLASS ACTION COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| DOCTOR'S ASSOCIATES, INC., <br> a Florida Corporation | : <br> : <br> : |
| Defendant. | : <br> : |

Plaintiff, Craig Moskowitz ("Plaintiff"), brings this action against Doctor's Associates, Inc. ("Defendant") on behalf of himself and all others similarly situated.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of consumers who purchased oven roasted chicken sandwiches (the "Sandwiches") and sweet onion chicken teriyaki (the "Chicken Strips"), which are core products sold by Defendant's SUBWAY® restaurants.  In reality, Defendant's Sandwiches and Chicken Strips contain a combination of approximately 50% chicken, and 50% commercial preservatives and fillers.

2.      As fully alleged herein, Defendant's schemes to defraud Plaintiff and other members of the proposed Class consist of systemic and continuing practices of disseminating false and misleading information via advertising, marketing, its website, and menu intended to trick unsuspecting customers, into believing they are purchasing chicken for their money, rather than Sandwiches and Chicken Strips containing a multitude of ingredients.

3.      SUBWAY® is a registered trademark of Defendant, and Defendant franchises SUBWAY® restaurants across the globe.  Defendant's SUBWAY® is the world's largest

submarine sandwich chain, with more than 44,000 locations around the world.[1]

4.    Defendant and its franchisees heavily market SUBWAY® Sandwiches and Chicken Strips, leading consumers to believe they are purchasing chicken.  This is made clear through Defendant's marketing, designed to make consumers believe its chicken is available at a bargain price.  Through various advertising campaigns in recent years Subway has targeted consumers, misleading them with enticing statements, stating that the Sandwiches are "surprisingly only three bucks.'[2]  Similar commercials have been disseminated regarding the Chicken Strips, urging consumers to "share its low fat full on flavored feast for an insanely satisfying six bucks."[3]

5.    Defendant's comprehensive nationwide advertising campaign for SUBWAY® has been far-reaching, and Defendant spends a significant amount of money to convey deceptive messages to consumers throughout the United States.  Defendant uses a wide array of media to convey it's deceiving claims about SUBWAY® Sandwiches and Chicken Strips, including television, magazines, and its website, www.subway.com.  Indeed, SUBWAY® routinely uses celebrities and athletes as a marketing ploy.  Through its marketing and representations, Subway conveys a single message: its Sandwiches and Chicken Strips offer chicken at a reasonable price. Defendant's misrepresentations provide no insight as to other ingredients included in its Sandwiches and Chicken Strips, designed to reduce the amount of actual chicken by substituting chicken with cheaper ingredients. Each person who purchased SUBWAY® Sandwiches and Chicken Strips has been exposed to Defendant's misleading advertisements, and purchased Sandwiches and Chicken Strips because of said advertising.

---

[1] http://www.subway.com/en-us/aboutus/history
[2] https://www.youtube.com/watch?v=y9uY7O3fN6I
[3] https://www.youtube.com/watch?v=SVY_7TLtHMk

6.    Defendant utilizes misleading marketing practices as a means of promoting its Sandwiches and Chicken Strips, which contain ingredients unbeknownst to its unassuming consumers.   According to an investigation by the Canadian Broadcasting Corporation (the "CBC"), the Sandwiches and Chicken Strips are not chicken at all.   Rather, the Sandwiches contain on average "53.6 per cent chicken DNA" and the Chicken Strips contain on average "42.8 per cent chicken DNA."[4]   The same investigation revealed the rest of the Chicken Sandwiches and Chicken Strips are made up of soy.

7.    Defendant employed its deceptive and fraudulent advertising scheme to mislead consumers into believe they were consuming chicken, detracting them from purchasing similar menu items from competitors.   Indeed, an the investigation by the CBC revealed that Defendant's competitors offered like items which contained a far greater percentage of chicken DNA, as indicated in the chart below:[5]

- A&W Chicken Grill Deluxe averaged 89.4 per cent chicken DNA
- McDonald's Country Chicken - Grilled averaged 84.9 per cent chicken DNA
- Tim Hortons Chipotle Chicken Grilled Wrap averaged 86.5 per cent chicken DNA
- Wendy's Grilled Chicken Sandwich averaged 88.5 per cent chicken DNA

Because Plaintiff and other members of the Proposed Class were led to believe they were consuming chicken with no artificial ingredients, they suffered financial loss from the purchase of SUBWAY® menu items which were not as advertised.   Had Plaintiff and other members of the Proposed Class known the true ingredients included in the Sandwiches and Chicken Strips they would have purchased a healthier alternative from SUBWAY® competitors.

---

[4] http://www.cbc.ca/news/business/marketplace-chicken-fast-food-1.3993967
[5] *Id.*

8.      Plaintiff brings this action against Defendant for its involvement in the dissemination of the misleading nature of the true ingredients of SUBWAY® Sandwiches and Chicken Strips.

9.      Plaintiff asserts claims on his own behalf and on behalf of a national class for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b), breach of express and implied warranties, fraud, and injunctive relief.

## PARTIES

10.     Plaintiff is a resident and citizen of Stamford, Connecticut.  On several occasions in the past few years Plaintiff purchased and consumed SUBWAY® Sandwiches and Chicken Strips at locations throughout the State of Connecticut.

11.     Defendant is a private corporation incorporated in the State of Florida, with a principal place of business in Milford, Connecticut.

12.     Defendant, as the franchisor of SUBWAY® restaurants, is in the business of promoting, marketing, distributing, and selling SUBWAY® Sandwiches and Chicken Strips throughout the United States, including to millions of consumers nationwide.  Though SUBWAY® are owned and/or operated by franchisees, Defendant creates, maintains and enforces strict uniform standards and practices for all aspects of SUBWAY® restaurants, including the ingredients used to make SUBWAY® Sandwiches and Chicken Strips.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §

1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class, are citizens of states different from Defendant.

15.    This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Connecticut, and has a principal place of business in this State.

16.    Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial portion of the events or omissions giving rise to the claims herein occurred within this District and because Defendant is subject to personal jurisdiction in this district.

<b><u>FACTS COMMON TO ALL CAUSES OF ACTION</u></b>

**A.    <u>SUBWAY®'s Offerings</u>**

17.    Defendant, through its SUBWAY® franchise, offers Consumers items on its menu which it represents as chicken: its Sandwiches and Chicken Strips.  Consumers who enter SUBWAY® locations throughout the United States, or who browse on www.subway.com, will see the following offerings available for purchase:[6]

---

[6] http://www.subway.com/en-us/menunutrition/menu/product?ProductId=4257&MenuCategoryId=1;
http://www.subway.com/en-us/menunutrition/menu/product?ProductId=4258&MenuCategoryId=1

### Oven Roasted Chicken

**Sub of the Day™ - Tuesday**

The Oven Roasted Chicken you love is piled high atop freshly baked bread with your favorite toppings from spicy jalapenos to crisp green peppers.

*See the full Sub of the Day™ Lineup!*



### Sweet Onion Chicken Teriyaki

**Sub of the Day™ - Monday**

This gourmet specialty features our all white meat teriyaki glazed chicken strips, raised without antibiotics, and our own fat-free sweet onion sauce. With a taste so big, you won't believe it has less than 6g of fat!

*See the full Sub of the Day™ Lineup!*



**PRINT THIS ITEM ⊕**   

Some items may not be available in all markets. Prices and participation may vary. Plus applicable taxes. See store for details.

18.     In order to maintain its large market share, and status as the world's largest submarine sandwich chain, Defendant promotes that consumers can purchase nutritious "chicken" at a reasonable value. Instead, SUBWAY® Sandwiches and Chicken Strips contain a variety of other ingredients, while the actual chicken DNA hovers around 50%.[7] Instead of alerting its customers to the true contents of its Sandwiches and Chicken Strips, Subway takes

---

[7] http://www.cbc.ca/news/business/marketplace-chicken-fast-food-1.3993967

advantage of unsuspecting customers, enticing them to believe they are purchasing a nutritious meal at an affordable price.

19.    Additionally, as seen below, through its SUBWAY® "$6 Footlong Sub of the Day" program, Defendant falsely and misleadingly engages in an advertising campaign designed to lead customers to believe they can purchase a "chicken" sandwich for an inexpensive $6.00. Both the Sandwiches and Chicken Strips are offered as part of this campaign, offered on Monday and Tuesday respectively:[8]



Each day of the week, you can get a different footlong with NO artificial flavors, colors from artificial sources or high fructose corn syrup for just $6.



**Monday**
Sweet Onion Chicken Teriyaki



**Tuesday**
Oven Roasted Chicken



**Wednesday**
Turkey Breast

B.    **The CBC Report**

20.    On February 24, 2017, the CBC issued its report regarding its investigation into DNA analysis of the poultry in several popular grilled chicken sandwiches and raps from leading

---

[8] http://www.subway.com/en-us/menunutrition/menu/6dollarfootlongsuboftheday?rdr=Productpage:Link:6SOTD:W2B:2017

fast food restaurants. Defendant's SUBWAY® franchise was one of the restaurants that the CBC investigated. The average results revealed that "the oven roasted chicken scored 53.6 per cent chicken DNA, and the chicken strips were found to have just 42.8 per cent chicken DNA. The majority of the remaining DNA? Soy."[9]

21.     Defendant's misrepresentations and omissions regarding its SUBWAY® Sandwiches and Chicken strips are glaring. The results of the CBC investigation revealed "a combined total of about 50 ingredients in the chicken alone, each with an average of 16 ingredients."[10]

22.     The Results of CBC's investigation into Defendant's "chicken" offerings are shocking to say the least. Indeed, CBC's report quotes Will Mahood, a loyal customer who considered Subway chicken sandwiches a lunchtime staple as saying fast food companies make it sound like "you're taking it straight from a farm and it's just a fresh piece of meat."[11]

## C.   Defendant's Misrepresentations and Omissions are Material to Consumers

23.     Although restaurants, and in particular fast food restaurants, vary in the quality of ingredients for their products, consumers rely on the representations and information placed before them.

24.     When choosing where to eat, or which meal to purchase, consumers often decide on the restaurant that can give them "more bang for their buck." In other words, consumers want the most nutural meal at the best value. This is particularly true for fast foot locations that offer poultry as an option. The average reasonable customer is well aware that poultry, in particular chicken, contains large amounts of protein.

---

[9] http://www.cbc.ca/news/business/marketplace-chicken-fast-food-1.3993967
[10] *Id.*
[11] *Id.*

25.    Proteins are the primary building blocks of brain, muscle, and skin.  Proteins affect metabolism, regulate pH, and are used in the production of antibodies, enzymes, hormones, and body tissues.  Proteins have the ability to be turned into fat and be stored, or can be burned as calories.  If someone is protein deficient, or if the nutrients are not absorbed properly, their immune system becomes weak.

26.    Proteins come from a variety of sources, some much healthier than others.  Meat protein is a prime source of essential amino acids.  Therefore, consumers at restaurants look for protein derived from quality meat and poultry sources.

27.    In contrast, low quality food offerings are made with chicken/poultry by-product meals and other ingredients.  Such alternative ingredients are used by manufacturers because they are less expensive.  However, the nutritious value of such meals is far less than that of quality chicken, rich in protein.  As a result, Plaintiffs and members of the Proposed Class look to purchase menu items containing named actual meats, such as chicken, as the first ingredient, rather than the less desirable by-product, or soy alternatives.

28.    Plaintiff and Members of the Proposed Class relied on SUBWAY®'s misleading and fraudulent marketing and advertising campaigns, believing the Sandwiches and Chicken strips they purchased and consumed were actually fresh chicken, without substitutes.

29.    Defendant's actions were intentionally deceptive; nowhere on its SUBWAY® website, nor on its menu in its restaurants did Defendant alert customers that its Sandwiches and Chicken Strips contained ingredients in addition to chicken.

30.    To the extent Defendant represents through its SUBWAY® advertisements, marketing, restaurant menu, and website that the Sandwiches and Chicken Strips contain "chicken," those statements are false and deceptive.  To the extent that the preceding suggest the

same, they are calculated to mislead consumers into falsely believing they are purchasing and consuming natural chicken, without added less-healthy alternatives and added flavors.

31.    Any attempt by Defendant to disclaim the representations made in its advertising does not shield it from liability for its untruthful and deceptive claims.  The average reasonable consumer sees the Sandwiches and Chicken Strips, believing them to contain chicken.   But the average reasonable consumer does not expect that the Sandwiches and Chicken Strips contain poultry/chicken by-products, soy, and additional substitutes.  Reasonable consumers should not be expected to engage in a fishing expedition into the truthfulness and accuracy of the food item they purchase on the menu.

## ALLEGATIONS APPLICABLE TO PLAINTIFF

32.    Plaintiff is a frequent visitor to Defendant's SUBWAY® restaurants located throughout the state of Connecticut.  Plaintiff has visited locations in Greenwich, Waterbury, Stamford, and other areas throughout the state.

33.    When Plaintiff visited Defendant's restaurants he was attracted to SUBWAY®' menu, which led Plaintiff to believe chicken was available at reasonable costs through Defendant's Sandwiches and Chicken Strips offerings.  Plaintiff was unaware, and indeed Defendant concealed, the fact that the Sandwiches and Chicken Strips contained a plethora of additional less healthy ingredients.

34.    Plaintiff purchased Defendant's Sandwiches and Chicken Strips at SUBWAY® locations in Greenwich, Waterbury, Stamford, and other locations across the State of Connecticut.

35.    Through Defendant's false and misleading offerings on its menu, Plaintiff was deceived into believing that the Sandwiches and Chicken Strips contained just chicken.  At no

time did Defendant advertise, or otherwise make Plaintiff aware, that the ingredients contained in its Sandwiches and Chicken Strips included a variety of other items which were not chicken. Further, at no time did Defendant disclose to Plaintiff that the Sandwiches and Chicken contained only approximately 50% chicken DNA.

36.      Defendant's marketing campaign and menu were designed to mislead Plaintiff. Defendant's false and fraudulent misrepresentations caused Plaintiff to purchase its Sandwiches and Chicken Strips at a higher premium than their true value.  Had Plaintiff know that Defendant's Sandwiches and Chicken Strips offered less chicken than competitors, Plaintiff would not have purchased and consumed Defendant's products.

## CLASS ACTION ALLEGATIONS

### A.  The Class

37.      Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Rule 23 of the *Federal Rules of Civil Procedure.*

38.      Plaintiff seeks to represent a class (the "Class") defined as:

**All persons within the United States who purchased SUBWAY®'s Oven Roasted Chicken Sandwich and Sweet Onion Chicken Teriyaki.**

39.      Plaintiff further seeks to represent a subclass (the "Subclass") defined as:

**All Class Members who are Connecticut Residents who purchased SUBWAY®'s Oven Roasted Chicken Sandwich and Sweet Onion Chicken Teriyaki.**

40.      Excluded from the Class are persons or entities that purchased SUBWAY® for resale, Defendant, and Defendant's agents, subsidiaries, and affiliates.

### B.  Numerosity

41.      Members of the Class and Subclass are so numerous that joinder of all members is impracticable.  Though the exact number of Class Members is presently unknown, and can only

be ascertained through discovery, Plaintiff believes the members of the Class exceed hundreds of thousands, if not millions of persons.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## C.  Common Questions of Law and Fact

42.    Common questions of law and fact exist with respect to all members of the Class and Subclass and predominate over any questions solely affecting individual members of the Class and Subclass.  These questions include:

a.   Whether Defendant's SUBWAY® Sandwiches are made with just chicken;

b.   Whether Defendant's SUBWAY® Chicken Strips are made with just chicken;

c.   Whether Defendant's SUBWAY® Sandwiches contain ingredients other than chicken;

d.   Whether Defendant's SUBWAY® Chicken Strips contain ingredients other than chicken;

e.   Whether Defendant's claims that its Sandwiches and Chicken Strips contain chicken are false and misleading;

f.   Whether Defendant expressly and/or impliedly warranted that its Sandwiches and Chicken Strips contain only chicken;

g.   Whether Defendant expressly and/or impliedly warranted that it's Sandwiches and Chicken Strips do not contain ingredients other than chicken.

h.   Whether Defendant breached warranties by making the representations above;

i.   Whether Defendant committed fraud by making the representations above;

j.   Whether Defendant's actions described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; and

k.  Whether Defendant's actions described above violate the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b).

43.  The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant misrepresented that its Sandwiches and Chicken Strips contain only chicken, Plaintiff and the Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

## D.  Typicality

44.  Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

## E.  Protecting the Interests of the Class Members

45.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

## F.  Proceeding Via Class Action is Superior and Advisable

46.  A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class Members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class Members to bring individual actions.  Management of this class action is unlikely to present any difficulties.

## COUNT I
## <u>VIOLATION OF MAGNUSON-MOSS WARRANTY ACT</u>
### (15 U.S.C. § 2301, *et seq.*)

47.     Plaintiff and Class Members repeat and re-allege the above paragraphs of this Complaint and incorporates them herein by reference.

48.     Plaintiff brings this claim on behalf of himself and on behalf of Members of the Class against Defendant.

49.     Defendant's SUBWAY® Sandwiches and Chicken Strips are consumer products as defined in 15 U.S.C. § 2301(1).

50.     Plaintiff and Class Members are consumers as defined in 15 U.S.C. § 2301(3).

51.     Plaintiff and Class Members purchased Defendant's SUBWAY® Sandwiches and Chicken Strips costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

52.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

53.     In connection with the sale of SUBWAY® Sandwiches and Chicken Strips, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that its Sandwiches and Chicken Strips contained chicken, in that the products did not contain chicken/poultry by-product meals, corn, rice, soy and/or artificial preservatives

54.     In connection with the sale of SUBWAY® Sandwiches and Chicken Strips, Defendant issued implied warranties as defined in 15 U.S.C. § 2301(7), which warranted that its Sandwiches and Chicken Strips contained chicken, in that the products did not contain chicken/poultry by-product meals, corn, rice, soy and/or artificial preservatives.

55.     Defendant breached these written and implied warranties because the SUBWAY® Sandwiches and Chicken Strips contained chicken/poultry by-product meals, corn, rice, soy

14

and/or artificial preservatives.

56.     Defendant's breach of the written and implied warranties representing that its SUBWAY® Sandwiches and Chicken Strips contained chicken only, and were free from other ingredients, Defendant violated the statutory rights of Plaintiff and Class Members pursuant to the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq*., thereby damaging Plaintiff and Class Members.

## COUNT II
## VIOLATION OF CONNECTICUT'S UNFAIR TRADE PRACTICES ACT
### (Conn. Gen. Stat. § 42-110(b))

57.     Plaintiff and Class Members repeat and re-allege the above paragraphs of this Complaint and incorporates them herein by reference.

58.     Plaintiff brings this claim on behalf of himself and the Connecticut Subclass against Defendant.

59.     The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b) prohibits a corporation from engaging in unfair or deceptive trade practices.  The Act provides:

> **No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.**

60.     At all relevant times, Defendant's SUBWAY® Sandwiches and Chicken Strips have been available for purchase by consumers throughout the State of Connecticut.

61.     At all relevant times, Defendant has partaken in advertising, offering for sale, selling, and/or distributing its SUBWAY® Sandwiches and Chicken Strips directly or indirectly to citizens of the State of Connecticut.

62.     Plaintiff and Members of the Connecticut Subclass have purchased SUBWAY® Sandwiches and Chicken Strips for their own personal use and consumption.

63.    At all pertinent times, Defendant, in connection with its advertisements, offers for sale, sales, promotions, marketing, and distribution of SUBWAY® Sandwiches and Chicken Strips, knowingly and purposefully misrepresented the material fact that its products contained no chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives.  In addition, Defendant concealed, omitted, and/or suppressed the material fact that SUBWAY® Sandwiches and Chicken Strips **do** contain chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives, contrary to the presentation of these items on its menu, and in its marketing. Defendant intended that Plaintiff and Members of the Connecticut Subclass would rely upon its misrepresentations, concealments, omissions, and/or suppressions so that Plaintiff and Members of the Connecticut Subclass would purchase its SUBWAY® Sandwiches and Chicken Strips. Defendant's advertisements/commercials, website, and menu make false or misleading representations that SUBWAY® Sandwiches and Chicken Strips contain just chicken, which deceived and misled consumers.  In truth, SUBWAY® Sandwiches and Chicken Strips do in fact contain chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives.

64.    The material misrepresentations and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff, the Connecticut Subclass, and general public into believing that SUBWAY® Sandwiches and Chicken Strips did not contain chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives, when in fact they do.

65.    Had Plaintiff and Connecticut Subclass Members known that Defendant's SUBWAY® Sandwiches and Chicken Strips did not conform as described, in that they contain chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives, they would not have purchased said products.

66.     As a result of Defendant's deceptive and unfair acts, Plaintiff and Connecticut Subclass Members have been damaged in the amount of either the purchase price they paid for SUBWAY® Sandwiches and Chicken Strips, or the difference between the premium price paid for SUBWAY® Sandwiches and Chicken Strips and the price they would have paid had they known that the products were not of the nature and quality promised because they contained ingredients other than chicken.

67.     Plaintiff and Members of the Connecticut Subclass are entitled to damages in an amount to be proven at trial, but not less than either the purchase price they paid for SUBWAY® Sandwiches and Chicken Strips or the difference between the premium price paid for the products and the price they would have paid had they known the truth of the ingredients contained in the products.

68.     Defendant should be ordered to engage in a corrective advertising campaign, and to cease its deceptive and fraudulent advertising of SUBWAY® Sandwiches and Chicken Strips.

69.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Connecticut Subclass have been injured.

## COUNT III
## BREACH OF EXPRESS WARRANTY

70.     Plaintiff and Class Members repeat and re-allege the above paragraphs of this Complaint and incorporates them herein by reference.

71.     Plaintiff brings this claim on behalf of himself and on behalf of Members of the Class against Defendant.

72.     Plaintiff and Class Members purchased Defendant's SUBWAY® Sandwiches and Chicken Strips.

73.     In connection with the sale of its SUBWAY® Sandwiches and Chicken Strips,

Defendant expressly warranted through its marketing, advertising, promotions, website, and menu that its SUBWAY® Sandwiches and Chicken Strips were fit for sale for their intended purpose, and were offered to consumers as nothing other than chicken.  Such representations omitted any mention that SUBWAY® Sandwiches and Chicken Strips contain a variety of ingredients other than chicken.

74.    In reality, the SUBWAY® Sandwiches and Chicken Strips are not sold as represented, and contained chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives.

75.    Defendant's representations were made with the intent to entice Plaintiff and Class Members to purchase SUBWAY® Sandwiches and Chicken Strips.

76.    Defendant breached these express warranties in that Plaintiff and Class Members believed they were purchasing the common, everyday understanding of "chicken," causing Plaintiff and Class Members to incur increased expenses as a result of the premium price they paid for substitute ingredients.

77.    The SUBWAY® Sandwiches and Chicken Strips did not conform to Defendant's representations and warranties in that they contained chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives.

78.    Plaintiff and Class Members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Sandwiches and Chicken Strips on the same terms if the truth concerning Defendant's misrepresentation had been known; (b) they paid a premium price due to the misrepresentation and (c) the SUBWAY® Sandwiches and Chicken Strips contained substitute ingredients other than what was advertised.  Plaintiff and Class Members have been damaged in that they did not receive the products as specifically

warranted.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

79.    Plaintiff and Class Members repeat and re-allege the above paragraphs of this Complaint and incorporates them herein by reference.

80.    Plaintiff brings this claim on behalf of himself and on behalf of Members of the Class against Defendant.

81.    Plaintiff and Class Members purchased Defendant's SUBWAY® Sandwiches and Chicken Strips.

82.    Defendant as the franchisor of SUBWAY® restaurants, who in the business of promoting, marketing, distributing, and selling SUBWAY® Sandwiches and Chicken Strips, impliedly warranted that said products were fit for sale for their intended purpose, and were offered as such within the confines of Defendant's misrepresentation.

83.    Defendant breached the implied warranty in the contract for the sale of its SUBWAY® Sandwiches and Chicken Strips in that they could not pass without objection in the trade as represented, the products were not of fair average quality within their description, and the products were unfit for sale as described in that they contained substitute ingredients which Defendant purposefully and deliberately omitted.  As a result, Plaintiff and Class Members did not receive the SUBWAY® Sandwiches and Chicken Strips as impliedly warranted by Defendant to be merchantable.

84.    Plaintiff and Class Members are the intended beneficiaries of Defendant's implied warranties.

85.    In reliance upon Defendant's experience in the restaurant business and the implied warranties, Plaintiff and Class Members purchased the SUBWAY® Sandwiches and

Chicken Strips as a result of Defendant's misrepresentations and omissions.

86. The SUBWAY® Sandwiches and Chicken Strips were not altered by Plaintiff and Class Members in any way.

87. Defendant knew or should have known that its SUBWAY® Sandwiches and Chicken Strips were not of merchantable quality, in that such products were advertised, marketed, and promoted as nothing other than chicken, while in reality said products contained chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives.

88. As a direct result of Defendant's breach of implied warranty of merchantability for its SUBWAY® Sandwiches and Chicken Strips, Plaintiff and Class Members were damaged.

**COUNT V**
**UNJUST ENRICHMENT**

89. Plaintiff and Class Members repeat and re-allege the above paragraphs of this Complaint and incorporates them herein by reference.

90. Plaintiff brings this claim on behalf of himself and on behalf of Members of the Class against Defendant.

91. Plaintiff and Class Members purchased Defendant's SUBWAY® Sandwiches and Chicken Strips.

92. Plaintiff and Class Members conferred benefits on Defendant by purchasing Defendant's SUBWAY® Sandwiches and Chicken Strips at a premium price.

93. Defendant has knowledge of the benefits of which Plaintiff and Class Members conferred upon it.

94. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of SUBWAY® Sandwiches and Chicken Strips. Retention of said moneys under these circumstances is unjust and inequitable because Defendant

falsely, fraudulently, and misleadingly represented that its SUBWAY® Sandwiches and Chicken Strips contained no chicken/poultry by-product meals, corn, rice, soy, and/or artificial preservatives, causing injury to Plaintiff and Class Members. Had Plaintiff and Class Members known the true ingredients of Defendant's SUBWAY® Sandwiches and Chicken Strips they would not have purchased (or paid a price premium) for such products.

95. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Members of the Class for its unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. For an order certifying the nationwide Class and Connecticut Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass Members;

2. For an Order declaring that Defendant's conduct violates the statutes referenced herein;

3. For an Order finding in favor of Plaintiff, the nationwide Class, and the Connecticut Subclass on all counts asserted herein.

4. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

5. For prejudgment interest on all amounts awarded;

6. For an Order of restitution and all other forms of equitable monetary relief;

7. For injunctive relief as the Court may deem proper;

8. For an award of reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and

9. Reasonable attorneys' fees and costs as the Court otherwise deems fit;

10. Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 3, 2017

Respectfully submitted,

By:  */s/ Sergei Lemberg*  _____
Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*